LEVI A. BIRK and ANNA C. BIRK, Appellants, v. JONES COUNTY, IOWA, Appellee.

No. 43325.

APRIL 7, 1936.

Frazier & Rees, for appellants.

Marvin C. Levsen, for appellee.

MITCHELL, J.—On the 18th day of January, 1935, Levi A. Birk and Anna C. Birk filed in the office of the clerk of the district court of Jones county, Iowa, a petition in which they alleged that they were the absolute owners in fee simple of certain real estate described therein, stating that the defendant Jones county was making some claim adverse to the claim of the plaintiffs in and to a portion of the real estate described in said petition; that any interest or claim Jones county might have had in and to said tract of land was foreclosed by decree

of the district court on November 27, 1933, in a cause entitled "Birk vs. Betzer et al.," in which there was joined, as a defendant, Jones county. And they prayed that their title be established against the adverse claim of the defendant Jones county and that all persons claiming by or through it be barred and forever estopped from having or claiming any right or title adverse to the plaintiffs in and to said premises; that title be quieted in them. They further prayed that a writ of injunction issue, restraining the defendant or the defendant, through its board of supervisors or officers, from entering upon said premises and from maintaining said premises as a public highway.

On the 15th day of May, 1935, the defendant filed the following motion to dismiss:

"(1) The petition of the plaintiffs shows on its face that the defendant is not the owner of any real estate, which ownership is adverse to that of the plaintiffs. That, assuming the allegations of the plaintiffs' petition to be true, the only interest of the defendant in and to a portion of the real estate described in plaintiffs' petition would be that of an easement for highway purposes. The petition shows on its face that the defendant is not the owner of any of the real estate in question, and accordingly plaintiffs' action to quiet title would not lie as against the defendant for an alleged easement across said premises.

"(2) For the further reason that plaintiffs' claim that defendant is unlawfully claiming title and interest in a portion of plaintiffs' property for highway purposes. That if such allegations are true the remedy of the plaintiffs for the use of a portion of said premises for highway purposes is fixed by statute, and the relief and remedy of the plaintiffs is exclusively fixed by statute, with no other remedy or relief available, the same being more commonly known as eminent domain proceedings, and accordingly the plaintiffs cannot obtain the relief and remedy prayed for in their petition.

"(3) For the further reason that a county, such as the defendant herein, may only sue and be suable because, and only because of statutory permission. That there is no statute under the laws of the State of Iowa whereby the plaintiffs can obtain the relief prayed for in their petition against the defendant,

and accordingly said action can not be maintained or the relief prayed for therein be enforced by the plaintiffs against the defendant.

"(4) For the further reason that a county, as a public quasi corporation, can only act through its officers but it is not liable for or bound by their acts. That accordingly, the allegations in plaintiffs' petition that the defendant, through its Board of Supervisors, is unlawfully using a portion of plaintiffs' premises cannot be the basis for an action to quiet title as prayed for in plaintiffs' petition, nor for injunctive relief, for the reason that assuming said allegations to be true, the defendant is not bound by the acts of its Board of Supervisors or officers in performing or doing the acts complained of by the plaintiffs in their petition."

On the 31st day of May, 1935, the court entered an order, in which it sustained defendant's motion to dismiss plaintiffs' petition. Plaintiffs did not see fit to stand upon the ruling of the court, and on the 1st day of July, 1935, filed an amended and substituted petition, in which they asked first that title to the land described be quieted in them and that an injunction issue against the county, restraining the county from using part of the land for road purposes; and then, in the alternative, plaintiffs in their amended and substituted petition pleaded that back in 1926 the defendant, through its board of supervisors, purported to condemn a strip of land for road purposes over and across the real estate described in plaintiffs' petition; that at the time said condemnation proceedings were commenced the plaintiffs were the owners and holders of mortgage in the amount of $30,000, which was a first lien against the property described in the petition and the property purported to be condemned by Jones county; that said mortgage was of record in the office of the county recorder of Jones county, Iowa; that no due notice was given to these plaintiffs of said condemnation proceeding; that on the 15th of December, 1926, a commission was appointed to appraise and assess the damages and this commission duly qualified and assessed the damages in the amount of $1,127.50; that thereafter the board of supervisors of Jones county directed the auditor of defendant county to pay W. I. Betzer the sum which the commissioners found was the amount of damage to the property; that no sum of money was paid to these plain-

tiffs, and they have been deprived of their property without due process of law and in violation of Amendments 5 and 14 of the Constitution of the United States; that their private property has been taken for public use without just compensation being made therefor. And they prayed in the alternative that in event the court finds these plaintiffs are not entitled to judgment and decree, quieting title in them to the premises in question, they have judgment against the defendant Jones county in the amount of $1,127.50, together with interest; the said sum of $1,127.50 being the amount of damages assessed by the appraisers aforesaid.

On the 9th day of July, 1935, the defendant filed the following motion to strike:

"Comes now the defendant and moves the court to strike from the amended and substituted petition of plaintiffs the following:

"(1) The amended and substituted petition in its entirety for the reason that a motion to dismiss, which was filed in the above entitled cause as against the original petition filed by these plaintiffs, was sustained by this court on or about the 18th day of June, A. D., 1935, and that the amended and substituted petition of the plaintiffs contains no new cause of action nor different grounds for the relief that they seek than did the original petition, and accordingly the entire amended and substituted petition should be stricken from the records by reason of the sustaining of the motion to dismiss as against the original petition."

On the 22d day of July, 1935, the court entered the following order:

"The defendant's motion to strike the plaintiffs' amended and substituted petition from the file, is sustained and the plaintiffs except."

On September 23, 1935, judgment was rendered by the court as follows:

"Plaintiffs refuse to further plead and elect to stand on their amended and substituted petition. Judgment entered against plaintiffs."

Plaintiffs have appealed to this court.

The only question which is now before this court on the record, which is here submitted, is whether or not the lower court erred in sustaining the motion of the appellee to strike the amended and substituted petition of the appellants.

The motion to strike sets out only one ground, and that is that the amended and substituted petition should be stricken from the record because in truth and in fact it contains no new cause of action or different ground for relief than did the original petition, and the court having sustained the motion to dismiss the original petition, the amended and substituted petition should now be stricken from the record.

Was the amended and substituted petition a repleading of the original petition, which petition was dismissed upon motion? Appellants did not see fit to stand upon the ruling made by the lower court upon the motion to dismiss the original petition, but instead filed their amended and substituted petition. The first relief prayed for in the amended and substituted petition is that title be quieted in the appellants and that they have the injunctive relief prayed for in the original petition. If there was nothing else in the amended and substituted petition than this, then the lower court would have been correct in sustaining the motion to strike. But in the amended and substituted petition we find that in the alternative the appellants plead for a money judgment against the appellee for the amount of $1,127.50, which was the amount the appraisers set as damage to the property at the time of the original condemnation proceedings by the county. They also plead in their amended and substituted petition that the county has failed and neglected to pay any damage sustained by the appellants and they have been deprived of their property without due process of law, and that same has been taken without just compensation, contrary to the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and to the provisions of the Constitution of the State of Iowa (Article I, sections 9, 18). Thus we find that the relief appellants ask for in their amended and substituted petition is different than that which was asked in the original petition.

The questions involved in this case are extremely interesting, and, to say the least, somewhat difficult. But they are not now before us. The motion to strike was sustained upon one ground only. There was a different cause of action pleaded in

the amended and substituted petition, and the lower court erred in sustaining the motion to strike upon the grounds set out in the motion. Due to the fact that this is the only question that confronts us here, we are not at liberty to pass upon the other questions involved. The motion to strike should have been overruled and the lower court was in error in not doing so.

It therefore follows that the judgment and decree of the lower court must be, and it is hereby, reversed.

The CHIEF JUSTICE and all Justices concur.